# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>ANDY SHIN FONG CHEN AND AERO SPACE PORT INTERNATIONAL GROUP, INC.<br><br>    Defendants, and<br><br>NORTH AMERICAN FOREIGN TRADE ZONE INDUSTRIES, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL II, LLC; EVF, INC.; MOSES LAKE 96000 BUILDING LLC; SUN BASIN ORCHARDS, LLC; PIA, LLC; JOHN CHEN; TOM CHEN; BOBBY CHEN; and HEIDI CHEN,<br><br>    Relief Defendants. | Case No. 2:17-cv-00405-JLR |

## STIPULATION AND [~~PROPOSED~~] ORDER

Plaintiff Securities and Exchange Commission ("SEC") and Andy Chen and the other parties named in the above caption ("Defendants"), through their undersigned counsel, hereby stipulate as follows:

WHEREAS the parties are engaged in discovery, including the production of documents;

WHEREAS the SEC has in its possession documents received during the investigation from the United States Citizen and Immigration Service ("USCIS") which are responsive to Defendants' document requests (the "USCIS Documents");

WHEREAS the SEC received the USCIS Documents with a pledge to maintain their

confidentiality;

WHEREAS many of the USCIS Documents appear to involve privileged and deliberative materials ("Privileged Information");

WHEREAS the Dodd-Frank law specifically provided that government agencies could share material without waiving any legal privilege;

WHEREAS the SEC will endeavor to withhold all Privileged Information from the USCIS Documents and to provide a privilege log with respect thereto;

IT IS HEREBY STIPULATED AND AGREED THAT:

1.  The Defendants shall maintain the confidentiality of all produced USCIS Documents and shall not use them for any purpose outside of this litigation.

2.  Upon conclusion of this litigation, the Defendants shall return all of the produced USCIS Documents, and keep no copies of the USCIS Documents;

3.  The production by the SEC of Privileged Information, whether inadvertent or otherwise, shall not waive such privilege or protection in this action or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

4.  Nothing herein is intended to or shall limit Plaintiff's or Defendants' rights (a) to conduct a review of documents, ESI or other information for relevance, responsiveness, or segregation and withholding of Privileged Information before or after production; or (b) to exercise any rights they may have under the Federal Rules of Civil Procedure, including Rule 26(b)(5)(B).

5.  The Court shall maintain jurisdiction to enforce this Stipulation and Order.

1 | Dated: June 25, 2018

| By: s/John D. Worland, Jr. | By: s/Frank R. Siderius |
|---|---|
| John D. Worland, Jr.<br>100 F Street, NE<br>Washington, DC 20549<br>Tel: (202) 551-4438<br>Fax: (703) 813-9359<br>Email: worlandj@sec.gov<br><br>Attorney for Plaintiff<br>U.S. Securities & Exchange Commission | Frank R. Siderius<br>Siderius Lonergan & Martin, LLP<br>500 Union Street, Suite 847<br>Seattle, WA 98101<br>206.624.2800 work<br>206.624.2805 fax<br>franks@sidlon.com |

SO ORDERED, this 25th day of June, 2018

_____
Honorable James L. Robart
United States District Judge