UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>ANDY SHIN FONG CHEN, et al.<br><br>　　　　　　　Defendants, and<br><br>NORTH AMERICAN FOREIGN TRADE ZONE INDUSTRIES, LLC, et al.,<br><br>　　　　　　　Relief Defendants. | CASE NO. C17-0405JLR<br><br>ORDER SCHEDULING EVIDENTIARY HEARING |

## I.　INTRODUCTION

Before the court is Plaintiff Securities and Exchange Commission's ("the SEC") motion for final judgment. (Mot. (Dkt. # 74); *see also* Reply (Dkt. # 83).) Defendants Andy Chin Fong Chen and Aero Space Port International Group, Inc. ("ASPI")

ORDER - 1

1 (collectively, "Defendants") and North American Foreign Trade Zone Industries, LLC
2 ("NAFTZI"), Washington Economic Development Capital, LLC ("EDC I"), Washington
3 Economic Development Capital II, LLC ("EDC II"), EVF, Inc. ("EVF"), Moses Lake
4 96000 Building, LLC ("Moses Lake 96000"), Sun Basin Orchards, LLC ("Sun Basin
5 Orchards"), John Chen, Tom Chen, Bobby Chen, and Heidi Chen's (collectively, "Relief
6 Defendants"[1]) oppose the motion. (Resp. (Dkt. # 78).) For the reasons set forth below,
the court concludes that an evidentiary hearing is necessary to resolve factual disputes
regarding the SEC's disgorgement calculation.

## II. BACKGROUND

On February 15, 2019, the court granted summary judgment in favor of the SEC on the SEC's claims for misrepresentation liability under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5; and on the SEC's claims under Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a)(2). (*See* 2/15/19 Order (Dkt. # 53) at 23-42.) The court, however, denied the SEC's motion for summary judgment on its claims under Rule 10b-5(a) and (c) and Section 17(a)(1) and (3) of the Securities Act. (*See id.* at 42-44.) The court also granted Relief Defendants' motion for summary judgment with respect to PIA on the grounds that "the SEC has failed to allege facts supporting the court's exercise of jurisdiction over PIA." (*See id.* at 45-46.) The

---

[1] Although PIA, LLC ("PIA") was named as a Relief Defendant in the SEC's initial complaint (*see* Compl. (Dkt. # 1) ¶ 19), SEC amended its complaint on March 11, 2019, and removed PIA, LLC from this case (*see generally* Am. Compl. (Dkt. # 61)).

court otherwise denied Defendants' and Relief Defendants' motion for summary judgment. (*See id.* at 44-48.)

After the court issued its summary judgment order, the parties stipulated to allow the SEC to amend its complaint. (*See* 3/6/19 Stip. (Dkt. # 58) 1-2.) The SEC's amended complaint withdrew the claims the court denied summary judgment on—the SEC's claims under Rule 10b-5(a) and (c) and Section 17(a)(1) and (3) of the Securities Act—and removed PIA as a Relief Defendant. (*See id.*; *see also* Am. Compl.) Accordingly, all that remains for adjudication in this case is determination of the appropriate remedies to award the SEC on its claims under Rule 10b-5(b) and Section 17(a)(2) of the Securities Act against the Defendants and Relief Defendants. (*See* Mot. at 1-2.) The SEC requests disgorgement, prejudgment interest, civil penalties, and permanent injunctive relief against Defendants.[2] (*See id.*)

### III. ANALYSIS

The court recognizes that it "has broad equity powers to order the disgorgement of 'ill-gotten gains' obtained through the violation of federal securities laws."[3] *SEC v. JT*

---

[2] The SEC does not seek judgment against Relief Defendants but reserves the right to do so if Defendants fail to satisfy the judgment. (*See* Mot. at 1.)

[3] The court acknowledges that the United States Supreme Court granted *certiorari* during the pendency of the SEC's motion on the issue of the SEC's authority to obtain disgorgement in civil enforcement proceedings. *See Liu v. SEC*, --- U.S. ---, 140 S. Ct. 451, 2019 WL 5659111 (U.S. Nov. 1, 2019) (No. 18-1501). However, it is axiomatic that "[b]inding authority must be followed unless and until overruled by a body competent to do so." *Hart v. Massanari*, 266 F.3d 1155, 1170 (9th Cir. 2001). Thus, the court will apply established Ninth Circuit and Supreme Court law on disgorgement and will not stay this case pending the Supreme Court's resolution of *Liu*. *See, e.g.*, *SEC v. Team Res. Inc.*, 942 F.3d 272, 274 (5th Cir. 2019) (affirming disgorgement award despite pending Supreme Court review in *Liu*).

*Wallenbrock & Assocs.*, 440 F.3d 1109, 1113 (9th Cir. 2006) (quoting *SEC v. First Pac. Bancorp*, 142 F.3d 1186, 1190 (9th Cir. 1998)). "Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable." *First Pac. Bancorp*, 142 F.3d at 1191 (citing *Hateley v. SEC*, 8 F.3d 653, 655 (9th Cir.1993)). The court also retains broad discretion in calculating disgorgement amounts. *See, e.g.*, *JT Wallenbrock & Assocs.*, 440 F.3d at 1113-14. "A disgorgement calculation requires only a reasonable approximation of profits causally connected to the violation, and the amount of disgorgement should include all gains flowing from the illegal activities." *See id.* (citations and internal quotations omitted). The SEC "bears the ultimate burden of persuasion that its disgorgement figure reasonably approximates the amount of unjust enrichment." *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (citations omitted). If the SEC carries its burden to establish a reasonable approximation of Defendants' actual profits, "the burden shifts to the defendants to demonstrate that the disgorgement figure was not a reasonable approximation." *See id.* (citations and internal quotations omitted).

The court concludes that an evidentiary hearing is necessary to calculate the appropriate amount of disgorgement to award the SEC in this matter. The briefing and evidence submitted by the parties in support of and in opposition to the SEC's motion for final judgment identifies factual disputes on the SEC's disgorgement analysis. (*See, e.g.*, Resp. at 11-17; Reply at 2-3, 5-6.) As just one example, Defendants claim that one investor, Di Jiang, has requested and received a refund of his investment from

Defendants. (*See* Resp. at 14 (citing Angela Chen Decl. (Dkt. # 80) ¶ 2, Ex. 1).) The SEC includes Di Jiang's full investment amount in its disgorgement calculation (*see* Worland Decl. (Dkt. # 76) ¶ 2, Ex. 1), and claims that it is "not possible to assess" the impact of Di Jiang's alleged repayment amount on the SEC's disgorgement calculation because Defendants did not submit appropriate documentation in support of their claim that he was repaid (*see* Reply at 1). Yet, Angela Chen included Di Jiang on the "roster of investors" who received refunds from Defendants and submitted Di Jiang's withdrawal letter in her sworn declaration. (*See* Angela Chen Decl. ¶ 2, Ex. 1.) An evidentiary hearing will allow the court to resolve this factual dispute and any others related to the SEC's proposed disgorgement calculation.

## IV. CONCLUSION

The court schedules an evidentiary hearing in this matter on **Monday, March 23, 2020, beginning at 1:30 PM Seattle time.** Both parties will have 60 minutes each—including cross-examination time—to present testimony, evidence, and oral argument regarding the appropriate amount of disgorgement to award in this case under the legal framework identified above. The court further ORDERS the parties to exchange and file their respective witness and exhibit lists no later than **Thursday, March 19, 2020.**

Dated this 11th day of March, 2020.

JAMES L. ROBART
United States District Judge