UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                  Plaintiff,<br>    v.<br><br>ANDY SHIN FONG CHEN, et al.,<br><br>                Defendants, and<br><br>NORTH AMERICAN FOREIGN TRADE ZONE INDUSTRIES, LLC, et al.,<br><br>                Relief Defendants. | CASE NO. C17-0405JLR<br><br>ORDER |

## I.  INTRODUCTION

Before the court are: (1) Plaintiff the Securities and Exchange Commission's (the "SEC") proposed order appointing receiver (Not. (Dkt. # 120); PP'd Order (Dkt. # 120-2); Reply (Dkt. # 126)), and Defendants Andy Shin Fong Chen and Aero Space

ORDER - 1

Port International Group, Inc.'s ("ASPI") (collectively, "Defendants") opposition thereto (Resp. & Mot. (Dkt. # 122)); and (2) Defendants' motion for reconsideration (Resp. & Mot (Dkt. # 122)) of the court's October 18, 2021 order granting the SEC's request to appoint a receiver for Washington Economic Development Capital III ("EDC III") (10/18/21 Order (Dkt. # 119)).  The court has considered the SEC's proposed order, Defendants' motion, the parties' submissions filed in support of and in opposition to the proposed order and motion, the relevant portions of the record, and the applicable law. Being fully advised, the court ADOPTS the SEC's proposed order appointing a receiver and DENIES Defendants' motion for reconsideration.

## II.   BACKGROUND

The court set forth the factual background of this case in detail in its February 15, 2019 order.  (*See* 2/15/19 Order (Dkt. # 53) at 2-18; *see also* 10/18/21 Order at 2-5.) Accordingly, the court recounts here only the background that is relevant to the instant motion.

This securities enforcement action arises out of Defendants' misuse of the EB-5 Immigrant Investor Program ("EB-5"), which affords certain foreign investors a path to permanent residency in the United States.  (*See generally* Am. Compl. (Dkt # 61); 2/15/19 Order at 3-5.)  Defendants violated federal securities laws by making material misrepresentations to foreign investors when they solicited investments in EDC III, the EB-5 commercial enterprise at issue in this case.  (*See* 2/15/19 Order at 21-44.)  EDC III is the limited liability company into which the investors deposited funds "to be eligible for potential residency pursuant to the EB-5 program."  (*See* Renewed Mot. for Judgment

(Dkt. # 106) at 11-13; Am. Compl. ¶¶ 1-5, 25-37.)  EDC III allegedly owns certain assets for the benefit of the remaining investors.  (*See* Renewed Mot. for Judgment at 11-13; 11/10/21 Chen Decl. (Dkt. # 123) ¶¶ 3-8.)

On August 23, 2021, the SEC filed a renewed motion for entry of partial final judgment against Defendants, seeking certain monetary and injunctive remedies against Defendants based on its claim for misrepresentation liability.  (*See* Renewed Mot. for Judgment at 2-4; *see also* 2/15/19 Order at 23-42 (granting summary judgment in favor of the SEC on its claims for misrepresentation liability).)  The court granted in part and denied in part the SEC's renewed motion for entry of partial final judgment.  (*See* 10/18/21 Order at 21.)  It granted the SEC's requests for civil penalties in the amount of $75,000 against Mr. Chen and $375,000 against ASPI, for a permanent injunction, and to appoint a receiver.  (*See id.* at 19.)  It also granted the SEC leave to identify and to propose to the court "the name of an appropriate receiver" and directed the SEC "to submit a proposed order for the appointment of said receiver no later than November 5, 2021." (*See id.*)  In light of remaining factual issues, including the potential sale of an EDC III owned property and appointment of a receiver, the court denied the SEC's requests for disgorgement and prejudgment interest without prejudice and declined to enter a partial final judgment against Defendants at that time.  (*See id.* at 7-8 (directing the SEC "to file its third motion for partial final judgment against Defendants regarding disgorgement and prejudgment interest once the disputes are resolved").)

The SEC filed a proposed order appointing a receiver for EDC III on November 3, 2021, pursuant to the court's October 18, 2021 order.  (*See generally* Not.; PP'd Order.)

In its proposed order, the SEC recommends that the court appoint Mr. Geoffrey B. Winkler, JD, MBA, CFE, CIRA, to serve as receiver of EDC III and sets forth the terms of his appointment. (*See generally* PP'd Order.) Defendants objected to the SEC's proposed order appointing a receiver and requested that the court reconsider its decision to appoint a receiver for EDC III based on a change in circumstances following the court's October 18, 2021 order. (*See generally* Resp. & Mot.) At the end of October 2021, the only asset of EDC III, the Commerce Park Building 3, was sold for $6 million and the net proceeds of the sale were transferred into EDC III's bank account. (*See* Resp. & Mot. at 3; 11/10/21 Chen Decl. ¶¶ 4-6.) Currently, there are six remaining investors in EDC III. (*See* 11/16/21 Chen Decl. (Dkt. # 128) ¶¶ 3-5, Ex. 3 (including signed letters from 5 of the remaining investors, which state that they decline to withdraw their funds from EDC III's bank account at this time).)

### III. ANALYSIS

The SEC requests that the court adopt its proposed order appointing a receiver, while Defendants ask the court to reconsider its decision to appoint a receiver. As these issues present two sides of the same coin, the court considers them together.

Even considering the change in circumstances regarding EDC III's assets, the court concludes that appointment of a receiver is appropriate in this case. In its order granting the SEC's request to appoint a receiver, the court concluded that appointment of a receiver was "necessary to ensure that the investors' assets are independently controlled and preserved, to manage EDC III in the best interests of investors, and to minimize the risk to the remaining investors' continued pursuit of green cards." (*See* 10/18/21 Order at

17-18.) It noted that the receiver would "determine the economic viability of EDC III; ensure the lawful operation of EDC III; manage any assets of EDC III; provide reports to the court as to status of the receivership entities, the EDC III program, the receivership entities' business and financial activities, major assets; and establish, if necessary, a process whereby investors and non-investors may file claims against EDC III." (*See id.* at 18-19.)

Defendants now argue that a receiver is unnecessary because the purposes identified by the SEC in its proposed order for appointment of a receiver, and by the court in its October 18, 2021 order, "are based on facts and circumstances which do not presently exist." (*See* Resp. & Mot. at 2.) In support of their argument, they cite the sale of Commerce Park Building 3, the deposit of the net sale proceeds in EDC III's bank account, the withdrawal of numerous investors, and the letters from remaining investors indicating that they do not wish to withdraw their money at this time. (*See id.* at 2-4, 5-7; 11/16/21 Chen Decl. ¶¶ 3-5, Ex. 3.) They also allege that "EDC III is no longer a functioning business requiring oversight and control." (Resp. & Mot. at 2.[1])

In response, the SEC argues that appointment of a receiver is still necessary in light of Defendants' fraudulent conduct, their refusal to acknowledge that they committed securities fraud, and their continued control of "all aspects of the very EB-5 program they used as a vehicle for their fraud." (*See* Reply at 2-5.) It also contends that a receiver is

---

[1] As an alternative to a receiver, Defendants propose that they will submit monthly status reports to the court regarding EDC III. As discussed in more detail below, however, the court rejects this proposal because it concludes that a receiver is still necessary.

warranted to oversee the eventual wind-down of EDC III and to independently manage its remaining assets, which now include the proceeds from the sale of Commerce Park Building 3.  (*See id.*)

"Motions for reconsideration are disfavored."  Local Rules W.D. Wash. LCR 7(h)(1).  The court will ordinarily deny such motions unless the moving party demonstrates (1) "a showing of manifest error in the prior ruling," or (2) "a showing of new facts or legal authority which could not have been brought to the [court's] attention earlier with reasonable diligence."  *Id.*[2]

The court's conclusion that a receiver is warranted remains unchanged despite the new facts presented by Defendants.  As the court previously held, appointment of a receiver is necessary considering "Defendants' fraudulent and reckless conduct, their mismanagement of the investors' money, and their continued attempts to control EDC III through third parties."[3]  (*See* 10/18/21 Order at 17-18 (citing 2/15/19 Order at 24-44; Def. Resp. to Renewed Mot. (Dkt. # 109) at 5-7; 8/23/21 Miller Decl. (Dkt. # 107) ¶ 2, Ex. 1 ("Zhang Dep.") at 94:13-96:18, 150:16-22, 159:07-10, 190:07-10, 180:5-181:18; 9/7/21

---

[2] Local Rule 7(h) provides that a motion for reconsideration "shall be filed within fourteen days after the order to which it relates is filed."  Local Rules W.D. Wash. LCR 7(h)(2).  While Defendants' motion was filed more than 14 days after the court's order appointing a receiver, the court exercises its discretion under the Local Rules and will consider the motion considering the recent changes in circumstances.  *Id.* (noting "[f]ailure to comply with this subsection *may* be grounds for denial of the motion" (emphasis added)).

[3] The court has already established that it has the "inherent equitable authority to issue a variety of ancillary relief measures in actions brought by the SEC to enforce the federal securities laws," including the appointment of a receiver.  (*See* 10/18/21 Order at 16 (citing *SEC v. Path America LLC*, No. C15-1350JLR, 2016 WL 2865919, at *2 (W.D. Wash. July 15, 2016); *Canada Life Assur. Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009); *SEC v. Path America LLC*, No. C15-1350JLR, 2016 WL 1588384, at *5 (W.D. Wash. Apr. 20, 2016)).)

Chen Decl. (Dkt. # 110) ¶ 9).)  The court's conclusion is bolstered by the facts that Mr. Zhang remains the member manager of EDC III and the sale of EDC III's Commerce Park Building 3 appears to have been orchestrated by Mr. Chen.  (*See* Resp. & Mot. at 3; 11/10/21 Chen Decl. ¶ 4 (noting that Mr. Zhang is the member manager of EDC III); 9/7/21 Angela Chen Decl. (Dkt. # 111) ¶ 9, Ex. 6 (noting that the buyer of Commerce Park Building 3 was Gateway Commerce Center LLC, an "ASPI related entity" that Mr. Chen is the managing member of).)  Given that Mr. Zhang has access to and control of EDC III's assets and considering Defendants' fraudulent conduct and continued involvement with EDC III, appointment of a receiver is still necessary "to avoid the continued diversion or dissipation" of EDC III's assets.  *See Path America*, 2016 WL 1588384, at *5; (*see also* 11/10/21 Chen Decl. ¶ 4 (noting that disbursements can be made from EDC III's bank account upon approval of Mr. Zhang and Frank Siderius, Defendants' attorney); 10/18/21 Order at 11-12, 17-18 (citing Zhang Dep. at 150:16-22, 159:07-10, 190:07-10, 180:5-181:18 (demonstrating Managing Member Zhang's practice of consenting to transactions and documents prepared by ASPI and North American Foreign Trade Zone Industries, LLC ("NAFTZI") and his reliance on those entities to perform property management, rent collection, and other accounting functions for EDC III); Def. Resp. to Renewed Mot. at 6 (conceding Mr. Zhang delegated his management duties of EDC III "to ASPI/NAFTZI"); 9/7/21 Chen Decl. ¶ 9 (noting ASPI's subsidiary NAFTZI's continued involvement with EDC III)).)

While Defendants urge the court to conclude that a receiver is not necessary because EDC III is allegedly "no longer a functioning business," EDC III still owns

liquid assets for the benefit of the remaining investors. (*See* Resp. & Mot. at 2; 11/10/21 Chen Decl. ¶¶ 3-9; 11/16/21 Chen Decl. ¶¶ 3-4.) A receiver will ensure the independent preservation, management, and disposition of EDC III's remaining assets. Further, the remaining investors have not stated when they intend to withdraw their funds from EDC III and there is no set date for the wind-down of EDC III. (*See* 11/10/21 Chen Decl. ¶¶ 6-9; 11/16/21 Chen Decl. ¶¶ 3-4.) Considering the still-indeterminate period in which EDC III will operate, a receiver is needed to provide independent management for EDC III and to oversee the eventual wind-down of EDC III.

Additionally, the court declines to address the parties' arguments regarding disgorgement at this time. (*See* Resp. & Mot. at 4, 6-7; Reply at 4-5.) As noted in its October 18, 2021 order, the court will address any arguments regarding disgorgement and prejudgment interest after the SEC files its third motion for partial final judgment against Defendants. (*See* 10/13/21 Order at 21.)

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion for reconsideration (Dkt. # 122) and ADOPTS the SEC's proposed order appointing receiver (Dkt. # 120). The court's signed order adopting the SEC's proposed order will follow in a subsequent docket entry.

//

//

//

//

ORDER - 8

Dated this 23rd day of November, 2021.

*JAMES L. ROBART*
United States District Judge

ORDER - 9