The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

ANDY CHING FONG CHEN and AERO SPACE PORT INTERNATIONAL GROUP, INC.

Defendants, and

NORTH AMERICAN FOREIGN TRADE ZONE INDUSTRIES, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL II, LLC; EVF, INC; MOSES LAKE 96000 BUILDING LLC; SUN BASIN ORCHARDS, LLC; JOHN CHEN, TOM CHEN, BOBBY CHEN and HEIDI CHEN,

Relief Defendants.

Civil Action No. C17-0405JLR

[~~PROPOSED~~] ORDER APPOINTING A RECEIVER   JLR

This matter came before the Court on the motion of plaintiff Securities and Exchange Commission (the "Commission" or "SEC") for an order appointing a receiver over Washington Economic Development Capital III ("EDC III") to ensure that EDC III is properly managed after Defendants are enjoined from further participation in the U.S. Customs and Immigration Service's EB-5 Immigrant Investor Program ("EB-5 program"). Through such order, the SEC seeks authority for the receiver to: determine the economic viability of EDC III; ensure the lawful operation of EDC III; manage any assets of EDC III; provide reports to the court as to the status of the receivership entities, the EDC III program, the receivership entities' business and financial activities, and major assets; and to ensure that the investors' assets are

[~~Proposed~~] Order-1
C17-0405JLR

independently controlled and preserved. In addition, the SEC seeks to have the receiver, if necessary, establish processes whereby investors and non-investors may file claims against EDC III, and/or the assets of EDC III are distributed to investors.

On the basis of the record, the Court finds that the appointment of a receiver in this action is necessary and appropriate for all of the purposes identified by the SEC, as stated above.

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of EDC III.

2. Until further Order of this Court, Geoffrey B. Winkler of American Fiduciary Services is hereby appointed to serve without bond as receiver (the "Receiver") for EDC III.

**I. General Powers and Duties of Receiver**

3. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of EDC III under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Fed.R.Civ.P. 66.

4. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of EDC III are hereby dismissed and the powers of any general partners, directors and/or managers, including but not limited to Coordinating Managing Member Shibing Zhang, are hereby suspended. Such persons and entities shall have

no authority with respect to the EDC III's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of EDC III and shall pursue and preserve all of its claims.

5. No person holding or claiming any position of any sort with EDC III shall possess any authority to act by or on behalf of any of EDC III.

6. Subject to the specific provisions in Sections III through XIV, below, the Receiver shall have the following general powers and duties:

    A. To use reasonable efforts to determine the nature, location and value of all property interests of EDC III, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which EDC III owns, possesses, has a beneficial interest in, or controls directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estate");

    B. To take custody, control and possession of all Receivership Property and records relevant thereto from EDC III; to sue for and collect, recover, receive and take into possession from third parties all Receivership Property and records relevant thereto;

    C. To manage, control, operate and maintain the Receivership Estate and hold in his possession, custody and control all Receivership Property, pending further Order of this Court;

    D. To use Receivership Property for the benefit of the Receivership Estate, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

    E. To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees and agents of EDC III;

    F. To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders or auctioneers; the retention of such persons, consistent with Paragraph 56 below, should follow the provisions for "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions");

    G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation or concealment of Receivership Property;

H. The Receiver is authorized to issue subpoenas to compel testimony of persons or production of records, consistent with the Federal Rules of Civil Procedure and applicable Local Rules, except for the provisions of Fed.R.Civ.P. 26(d)(1), to the Defendants, Relief Defendants, EDC III, and EDC III's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, all of whom are hereinafter collectively referred to in this Order Appointing Receiver as "Relevant Parties", and to any other person or entity, concerning any subject matter within the powers and duties granted by this Order.

I. To bring such legal actions based on law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver, provided, however, the Receiver first consults with SEC staff and obtains Court approval for any such action;

J. To pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against the Receivership Estate; and,

K. To take such other action as may be approved by this Court.

## II. Access to Information

7. The Relevant Parties, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, EDC III and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts and all other instruments and papers.

8. Within fourteen (14) days of the entry of this Order, the Relevant Parties shall file with the Court and serve upon the Receiver and the Commission a sworn statement, listing: (a) the identity, location and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of EDC III; and, (c) the names, addresses and amounts of claims of all known creditors of EDC III.

[~~Proposed~~] Order-4
C17-0405JLR

9. Within thirty (30) days of the entry of this Order, EDC III shall provide to the Receiver and the Commission copies of EDC III's federal and state income tax returns for 2010-2020 with all relevant and necessary underlying documentation.

10. The Relevant Parties and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of EDC III, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to EDC III.  In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery requests in accordance with the Federal Rules of Civil Procedure.

11. The Relevant Parties, and any other person affected by this Order, are required to assist the Receiver in fulfilling his duties and obligations.  As such, the Relevant Parties must cooperate with and assist the Receiver in the performance of his duties, and respond promptly and truthfully to all requests for information and documents from the Receiver.

### III.  Access to Books, Records and Accounts

12. The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to EDC III, including an EDC III account at the Seattle Credit Union  All persons and entities having control, custody or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

13. The Relevant Parties, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of  them, and any persons receiving notice of this Order by personal service, facsimile transmission or otherwise, having possession of the property,

business, books, records, accounts or assets of EDC III are hereby directed to deliver the same to the Receiver, his agents and/or employees.

14. All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, and of EDC III that receive actual notice of this Order by personal service, facsimile transmission or otherwise shall:

    A. Not liquidate, transfer, sell, convey or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of EDC III except upon instructions from the Receiver;

    B. Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

    C. Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the Commission a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

    D. Cooperate expeditiously in providing information and transferring funds, assets and accounts to the Receiver or at the direction of the Receiver.

### IV. Access to Real and Personal Property

15. The Receiver is authorized to take immediate possession of all personal property of EDC III, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies and equipment.

16. The Receiver is authorized to take immediate possession of all real property of

EDC III, wherever located, including but not limited to all ownership and leasehold interests and fixtures.  Upon receiving actual notice of this Order by personal service, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing or erasing anything on such premises.

17. In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above.  The Receiver shall have exclusive control of the keys.  The Relevant Parties or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

18. The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of EDC III, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

### V.  Notice to Third Parties

19. The Receiver shall promptly give notice of his appointment to the Relevant Parties, and any other person as appropriate, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

20. All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to EDC III shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if EDC III had received such payment.

21. In furtherance of his responsibilities in this matter, the Receiver is authorized to

communicate with, and/or serve this Order upon, any person, entity or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estate.  All government offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

22. The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of EDC III (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, EDC III.  The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail.  EDC III shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver.  All personal mail of EDC III, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver.  The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mail box, depository, business or service, or mail courier or delivery service, hired, rented or used by the Receivership Defendants. EDC III shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository or courier service.

23. Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage or trash removal services to EDC III shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

24. The Receiver is authorized to assert, prosecute and/or negotiate any claim under

any insurance policy held by or issued on behalf of EDC III, or its officers, directors, agents, employees or trustees, and to take any and all appropriate steps in connection with such policies.

### VI.  Injunction Against Interference with Receiver

25.   EDC III and all persons receiving notice of this Order by personal service, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

   A.   Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

   B.   Hinder, obstruct or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to, concealing, destroying or altering records or information;

   C.   Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any Receivership Property, enforcing judgments, assessments or claims against any Receivership Property or EDC III, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by EDC III or which otherwise affects any Receivership Property; or,

   D.   Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate.

26.   The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

27.   The Relevant Parties, and any other person who has custody and/ or control of Receivership Property, shall immediately transfer to the Receiver all Receivership Property

outside of the United States held jointly or singly or under their direct or indirect ownership or control, in whole or in part, with such Receivership Property to be transferred to one or more accounts as may be instructed by the Receiver or in such other manner as the Receiver may direct. EDC III , its successors and assigns, and its officers, agents, servants, employees, affiliates, and attorneys, and all persons in active concert or participation with EDC III, are hereby enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Receivership Property, or in the hindrance of the repatriation required by this Order.

## VII.  Stay of Litigation

28.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the Commission related to the above-captioned enforcement action, are stayed until further Order of this Court:

> All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) EDC III, including subsidiaries and partnerships; or, (d) EDC III's past or present officers, directors, managers, agents, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

29.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

30.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.  Further, as to a cause of action accrued or accruing in favor of EDC III against a third

person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

### VIII.  Managing Assets

31.     The Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

32.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Washington Economic Development Capital III" together with the name of the action.

33.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

34.     Subject to Paragraph 36, immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estate, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

35.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estate.

36. The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estate, including making legally required payments to creditors, employees, and agents of the Receivership Estate and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

### IX. Investigate and Prosecute Claims

37. Subject to the requirement, in Section VI., above, that leave of this Court is required to resume or commence certain litigation, the Receiver is authorized, empowered and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

38. Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered and directed to investigate the manner in which the financial and business affairs of EDC III were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the Commission before commencing investigations and/or actions.

39. The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by EDC III.

[~~Proposed~~] Order-12
C17-0405JLR

40. The receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

### X.  Bankruptcy Filing

41. The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for EDC III.  If EDC III is placed in bankruptcy proceedings, the Receiver may become, and may be empowered to operate the Receivership Estate as, a debtor in possession.  In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity.  Pursuant to Paragraph 3 above, the Receiver is vested with management authority for EDC III and may therefore file and manage a Chapter 11 petition.

42. The provisions of Section VII., above, bar any person or entity, other than the Receiver, from placing EDC III in bankruptcy proceedings, except where such party seeks permission to do so by filing a motion in this Court.  In no event may such party file a voluntary or involuntary bankruptcy petition pertaining to any of the assets under the jurisdiction of this Court unless they provide a showing to this Court, with five (5) days' advance notice to the SEC staff assigned to this case, that such a petition is appropriate and would benefit investors or administration of this action. No voluntary or involuntary petition for bankruptcy may be filed unless this Court grants such motion.

### XI.  Liability of Receiver

43. Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

[Proposed] Order-13
C17-0405JLR

44. The Receiver and his agents, acting within scope of such agency ("Retained Personnel") are entitled to rely on all outstanding rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

45. This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

46. In the event the Receiver decides to resign, the Receiver shall first give written notice to the Commission's counsel of record and the Court of its intention, and the resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XII. Recommendations, Reports, and Additional Duties of the Receiver

47. The Receiver is authorized, empowered and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

48. Consistent with Section IV above, the Receiver is authorized to take immediate possession of the real property that has been referred to in this action as "ASPI Commerce Park Building 3," which is the property commonly known as 8396 Doolittle Drive, Moses Lake, WA 98837, to the extent that property is in the possession of EDC III as of the date of this Order Appointing Receiver. The Receiver is authorized to consummate the sale of ASPI Commerce

Park Building 3 in exchange for EDC III's receipt of $6 million, as described in Defendant's Response To Plaintiff's Renewed Motion For Entry of Final Judgment Against The Defendants (ECF No. 109) and Declaration of Andy Ching Fong Chen In Support Of Defendant's Response To Motion For Final Judgment (ECF No. 110), filed in the above-captioned action on September 7, 2021.

49. Within sixty (60) days of the entry date of this Order, the Receiver shall file in the above-captioned action the following:

A. An accounting of the Receivership Estate, reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

B. A report on any sale or disposition of ASPI Commerce Park Building that occurred on or after September 7, 2021. To the extent ASPI Commerce Park Building 3 remains in EDC III's possession and is under contract for sale, or subject to any other previously negotiated transaction, a recommendation as to whether it is in the best interests of the Receivership Estate to proceed with such a sale or transaction.

C. An Investor List that includes the following information: the name of each individual who, at any time, invested in EDC III ("investor") under the EB-5 program which was the subject of the above-captioned action; the date(s) of the investor's investment; the amount of the invested funds, including any capital contributions and fees paid by the investor ("invested funds"); whether the invested funds were held in an escrow account outside the control of EDC III; whether the invested funds were transferred to an account controlled by EDC III, and, if so, the date of the transfer; whether the investor has requested to withdraw from the EB-5 program; the date(s) and amounts of any invested funds returned to the investor; and, with respect to any investor who has requested to withdraw from the EB-5 program but has not been repaid the entirety of his or her invested funds, the amount that is still owed the investor (excluding interest).

D. A confirmation that the Receiver has established one or more accounts in which to receive any additional funds to be paid by, or otherwise recovered from, Defendants in the above-captioned action, upon further order of the Court.

50. Within ninety (120) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record. The Liquidation Plan should consider, among other factors, (A) how best to expeditiously wind up of the Receivership Estate and maximize assets for investors; (B) whether the Receivership

[~~Proposed~~] Order-15
C17-0405JLR

Estate has yet received all funds to be paid by, or otherwise recovered from, Defendant in the above-captioned action; and (C) statements of investors, if any, that they wish to remain in the EB-5 program for the purpose of obtaining their green cards.  The Liquidation Plan will also include a plan for addressing investors' requests to withdraw from the EB-5 program, and for making a final distribution to investors (including both investors who have requested to withdraw from the EB-5 program and investors who have not requested to withdraw from the EB-5 program), of invested funds plus accrued interest that they are yet owed.

51. Within thirty (30) days after the end of each calendar quarter, the Receiver shall file and serve a full report and accounting of the Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estate.

52. The Quarterly Status Report shall contain the following:

A. A summary of the operations of the Receiver;

B. The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C. A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

D. A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E. A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F. A list of all known creditors with their addresses and the amounts of their claims;

G. The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H. An updated Investor List that includes all of the information identified in Paragraph 53(C) above.

I. The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

53. On the request of the Commission, the Receiver shall provide the Commission with any documentation that the Commission deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the Commission's mission.

### XIII. Fees, Expenses and Accountings

54. Subject to Paragraphs 57 – 63 immediately below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

55. Subject to Paragraph 58 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

56. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the Billing Instructions agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

57. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estate (the "Quarterly Fee Applications"). At least thirty (30) days prior

to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

58.  All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership.  At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

59.  Quarterly Fee Applications will be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court.  The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

60.  Each Quarterly Fee Application shall:

   A.  Comply with the terms of the Billing Instructions agreed to by the Receiver; and,

   B.  Contain representations (in addition to the Certification required by the Billing Instructions) that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) with the exception of the Billing Instructions, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

61.  At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**Dated, this 23rd day of November, 2021, at Seattle, Washington.**

JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

[~~Proposed~~] Order-18
C17-0405JLR

Presented By:

s/ *Gregory N. Miller*
Gregory N. Miller
David S. Mendel
Assistant Chief Litigation Counsel
Securities and Exchange Commission
100 F Street NE
Washington, DC 20549
(202) 551-44369 (Miller)
(202) 551-4418 (Mendel)
millergn@sec.gov
mendeld@sec.gov

[~~Proposed~~] Order-19
C17-0405JLR