The Honorable James L. Robart

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANDY CHING FONG CHEN and AERO SPACE PORT INTERNATIONAL GROUP, INC.<br><br>Defendants, and<br><br>NORTH AMERICAN FOREIGN TRADE ZONE INDUSTRIES, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL II, LLC; EVF, INC; MOSES LAKE 96000 BUILDING LLC; SUN BASIN ORCHARDS, LLC; JOHN CHEN, TOM CHEN, BOBBY CHEN and HEIDI CHEN,<br><br>Relief Defendants. | Case No. 17-cv-00405-JLR<br><br>RECEIVER'S QUARTERLY STATUS REPORT |

22
23
24
25
26

**TO ALL INTERESTED PARTIES AND THEIR COUNSEL OF RECORD, AND THIS HONORABLE COURT:**

**PLEASE TAKE NOTICE THAT,** in accordance with this Court's November 23, 2021 Order Appointing A Receiver (Dkt. No. 130) (the "Appointment Order"), Geoffrey B. Winkler (the "Receiver"), the Court-appointed permanent receiver for Washington Economic

RECEIVER'S QUARTERLY STATUS REPORT - 1

**FOSTER GARVEY PC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400  FAX (206) 447-9700

Development Capital III, LLC ("EDC III"), hereby submits this Quarterly Status Report (the "Report") for the period from January 1, 2022 through March 31, 2022 (the "Reporting Period"). The Receiver notes that the First Interim Report was filed covering a reporting period from November 23, 2021 through January 22, 2022 and, going forward, is adjusting the current Reporting Period and all subsequent reporting periods to synchronize the Receiver's quarterly reports with the calendar quarters.

## I.    PRELIMINARY STATEMENT

As reflected in the Court's record, the Receiver has been vested with all the powers and authority previously possessed by the officers, directors, managers and general and limited partners of EDC III as well all powers and authority of a receiver at equity. The Receiver was given the authority to determine the economic viability of EDC III, to ensure the lawful operation of EDC III, to identify, preserve, independently control, and otherwise manage any assets of EDC III, and provide certain ongoing reports to the court.

The Receiver was to be granted access by all relevant parties to information, books, records and accounts, and real and personal property of EDC III in order to assist him in filing: (1) an accounting of the receivership estate, reflecting all known receivership property, (2) a report on the sale of ASPI Commerce Park Building 3, (3) a comprehensive list of EDC III investors, and (4) a confirmation that the Receiver has established bank accounts to receive any additional funds.

## II.    ACCOUNTING OF THE RECEIVERSHIP ESTATE

Immediately upon entry of the Appointment Order, the Receiver engaged Seattle Credit Union for the immediate freeze and subsequent turnover of all funds in the EDC III business accounts a/e 6830 and 6897. Although the freeze was immediately honored and effective, the residual funds in these accounts, $2,282,292.10, were not released and wired to the Receiver until January 7, 2022. These funds together with an asset worth $218,395.00 from Defendants on January 21, 2022, to reimburse EDC III for closing costs in the building sale, and a $500,000.00

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG:100334960.1

1   reimbursement to EDC III from an investor that was previously double-paid, which the Receiver
2   received February 12, 2022, represent the total $3,000,687.10 in assets collected by the
3   Receivership estate currently. During the Reporting Period, per Dkt. No. 142, the Receiver made
4   aggregate payments to professionals totaling $9,517.91 and accrued a further $2,379.47 in long
5   term liabilities in the form of professional fees held back for case completion. There are no other
6   known liabilities of EDC III aside from those due to EDC III's remaining investors and ongoing
7   administrative expenses. Please see Standardized Fund Accounting Report attached as Exhibit A.

8       EDC III was to provide the Receiver with all state and federal tax returns from EDC III
9   from 2010-2020 along with relevant and necessary underlying documentation with thirty days of
10  the entry of the Appointment Order. Defendants provided comprehensive tax returns from 2012-
11  2020 on January 31, 2022, sixty-nine days after the entry of the Appointment Order. The
12  Receiver's analysis of these returns found that only 10 investors contributed capital totaling $5.0
13  million into EDC III and received Schedule K-1s during this timeframe.

14      The Receiver had been hopeful that analyzing the EDC III tax returns would clarify and
15  reconcile the disparate investor lists identified by the Plaintiff and Defendants. But discovering
16  that only $5.0 million of the up to $15.5 million in investor capital contributions in question were
17  ever invested into EDC III for tax purposes only further complicated the reconciliation process.
18  Still wanting to avoid the excessive costs associated with undertaking a full forensic accounting,
19  but ever conscious of his responsibilities to neutrally validate and reconcile the accounting put
20  forth by the parties in the case, the Receiver has actively engaged with Angela Chen to produce
21  the precise primary source documentation necessary to fulfill his duties.

22      During the Reporting Period the Receiver obtained at least sixty additional documents
23  and statements from Ms. Chen to support his accounting responsibilities. He would like to note
24  that her cooperation has been essential in both expediting this process and limiting the possible
25  expenses incurred in this regard.

26      As noted in his First Interim Report, the Receiver identified a "31st investor" that

RECEIVER'S QUARTERLY STATUS REPORT - 3

FG:100334960.1

1   appeared in Defendant's investor lists but not Plaintiff's. This party received $540,000 from the
2   EDC III bank accounts on January 9, 2015 but based on the materials he has reviewed to date,
3   the Receiver has not seen adequate proof demonstrating that EDC III ever received inflows from
4   Washington Economic Development Capital, LLC on this party's behalf (which is the entity
5   where the party's investment funds were initially wired to), has seen circumstantial evidence
6   suggesting EDC III did not in fact receive these flows, and additionally the party is not listed on
7   any EDC III tax returns. Being that is it unlikely the Receiver will be able to ascertain any
8   additional documentation on these questions, at this time it is his recommendation that the
9   Receiver does not pursue potential claw back of the net funds received from EDC III in January
10  2015, but that this "investor" not be allowed to participate in any future claims process.

### III.   REPORT ON SALE OF ASPI COMMERCE PARK BUILDING 3

12          The sale of EDC III's primary asset, ASPI Commerce Park Building 3, closed with a
13  settlement date of October 29, 2021 and net proceeds of $5,769,016.80 received from Stewart
14  Title Company at EDC III's Seattle Credit Union account on November 1, 2021. The closing
15  statement for this sale was previously entered as Docket No. 123, Exhibit 4.  Most notably, the
16  closing statement details a debit to seller in the amount of $179,555 for government recording
17  and transfer charges, which defendants have reimbursed to the receivership estate along with
18  other closing costs to bring the net funds received by the estate to a total of $6,000,000.

### IV.   INVESTOR LIST AND REPAYMENT STATUS

20          Attached here as Exhibit B is a chart that lays out the findings of the Receiver to date.
21  Receiver has confirmed thirty (30) parties invested in EDC III with total combined inflows
22  totaling $16,842,311 and total combined outflows totaling $12,580,865 for a net $4,261,446 of
23  net cash inflows.

24          Based on the facts in this case, specifically the fact that six of the thirty investors have yet
25  to recover their $500,000 capital investments, the Receiver intends to seek permission to conduct
26  a two-tranche claims process to repay investors.

RECEIVER'S QUARTERLY STATUS REPORT - 4

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON  98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG:100334960.1

The first tranche of the proposed anticipated claims process would request repaying 100% of the $3,000,000 due to the six investors that are identified on Exhibit B as not having had their capital investments returned, this would bring these six parties into parity with the twenty-four investors who have already had these funds returned.

After satisfying the first tranche claims, the Receiver will recommend approving a second tranche of claims for the thirty investors for $3,956,128 so that each investor may have a pro rata share in any potential future unencumbered assets of the receivership estate in the percentage recommended in the "% Tranche Two Funds" column of Exhibit B. The Receiver has estimated the individual recommended claim amounts by first establishing the amount of net cash investments remaining in EDC III after the satisfaction of the first tranche claims. This principal amount, $1,261,446.00, represents those "other fees" EDC III assessed from their investors that were not returned to the investors. Since overall investor inflows ranged from $530,000 to $623,110 and since all investors had their funds held by EDC III for different lengths of time, the Receiver has calculated interest on these funds at the IRS Long Term Rate of 2.25% in order to reasonably estimate the "time value of money" associated with the investor funds that were held by EDC III, thereby reasonably estimating the relative losses by investor due to the individual disparities in investment length and amount.

In the Appointment Order, the Receiver was instructed to identify if investor funds were transferred to an account controlled by EDC III. At this point, Receiver has not reviewed contemporaneous substantiating documentation to confirm that all investor funds were in fact deposited into an account owned by EDC III. The original EDC III bank account with East West Bank was closed and the funds were eventually transferred to Seattle Credit Union (a/e 6897), which eventually received the ASPI Commerce Park Building 3 proceeds and went on to pay out nine investors during 2021 before the commencement of the Receivership. Of these investors that had capital contributions returned, three of them were never listed as owners in the EDC III tax returns (Weiming Chen, Yunya Lin, and Ming Ching Ho). Additionally, two of the investors

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG:100334960.1

that remain to have their capital contributions repaid, Yuantao Tang and Feng Chu Hsu, were never listed on the EDC III tax returns. The Receiver intends to continue his investigation into this question and will provide additional updates in subsequent reports.

## V.    CONFIRMATION OF ACCOUNT ESTABLISHMENT

The Receiver confirms that he has established a receivership checking account with East West Bank (a/e 0036) for the purpose of receiving and collecting funds for the receivership estate in anticipation of further order of this Court.

## VI.    CONCLUSION AND PETITION FOR FURTHER INSTRUCTIONS

Assuming the Court authorizes the Receiver to undertake the actions recommended herein, as well as to continue those actions provided for in the Appointment Order, the Receiver proposes to submit a further quarterly status report to this Court, addressing his progress, findings, conclusions, and additional recommendation, in approximately 90 days (within 30 days from the end of each calendar quarter).

Accordingly, and based on the foregoing, the Receiver respectfully requests the Court enter an order: 1) accepting this report; 2) authorizing the Receiver to continue to administer the receivership estate in accordance with the terms of the Appointment Order; 3) authorizing the Receiver to undertake the recommendations presented herein, including a continued document recovery and review effort, and the engagement of those professionals he deems necessary for the proper administration of the receivership estate; and 4) providing such other and further relief as the Court deems necessary and appropriate.

DATED this 29th day of April, 2022.

AMERICAN FIDUCIARY SERVICES LLC
GEOFFREY B WINKLER

By  */s/ Geoffrey B. Winkler*
GEOFFREY B WINKLER, RECEIVER
Washington Economic Development
Capital III, LLC

RECEIVER'S QUARTERLY STATUS REPORT - 6

FG:100334960.1

STANDARDIZED FUND ACCOUNTING REPORT for SEC v. Andy Ching Fong Chen et al. (EDC III)
Receivership; Civil Docket No. C17-0405JLR
Reporting Period from 1/1/2022 to 3/31/2022

| FUND ACCOUNTING (See instructions) | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **Line 1** | **Beginning Balance (As of 01/01/2022):** | 2,282,292.10 | | |
| | *Increases in Fund Balance:* | | | |
| **Line 2** | **Business Income** | - | | |
| **Line 3** | **Cash and Securities (in transit)** | - | | |
| **Line 4** | **Interest/Dividend Income** | - | | |
| **Line 5** | **Business Asset Liquidation** | - | | |
| **Line 6** | **Personal Asset Liquidation** | - | | |
| **Line 7** | **Third-Party Litigation Income** | - | | |
| **Line 8** | **Miscellaneous - Other** | 718,395.00 | | |
| | **Total Funds Available (Lines 1 - 8):** | | 718,395.00 | **3,000,687.10** |
| | *Decreases in Fund Balance:* | | | |
| **Line 9** | **Disbursements to Investors** | | | |
| **Line 10** | **Disbursements for Receivership Operations** | | | |
| *Line 10a* | *Disbursements to Receiver or Other Professionals* | (9,517.91) | | |
| *Line 10b* | *Business Asset Expenses* | - | | |
| *Line 10c* | *Personal Asset Expenses* | - | | |
| *Line 10d* | *Investment Expenses* | - | | |
| *Line 10e* | *Third-Party Litigation Expenses* | - | | |
| | 1. Attorney Fees | - | | |
| | 2. Litigation Expenses | - | | |
| | *Total Disbursements for Receivership Operations* | | (9,517.91) | |
| *Line 10f* | *Tax Administrator Fees and Bonds* | | - | |
| *Line 10g* | *Federal and State Tax Payments* | | - | |
| | **Total Disbursements for Receivership Operations** | | | **(9,517.91)** |
| **Line 11** | **Disbursements for Distribution Expenses Paid by the Fund:** | | | |
| *Line 11a* | *Distribution Plan Development Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator............................ | - | | |
| | Independent Distribution Consultant (IDC)............ | - | | |
| | Distribution Agent............................ | - | | |
| | Consultants................................. | - | | |
| | Legal Advisers.............................. | - | | |
| | Tax Advisers............................... | - | | |
| | 2. Administrative Expenses | - | | |
| | 3. Miscellaneous | - | | |
| | *Total Plan Development Expenses* | | - | |
| *Line 11b* | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator............................ | - | | |
| | IDC....................................... | - | | |
| | Distribution Agent............................ | - | | |
| | Consultants................................. | - | | |
| | Legal Advisers.............................. | - | | |
| | Tax Advisers............................... | - | | |
| | 2. Administrative Expenses | - | | |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan................... | - | | |
| | Claimant Identification......................... | - | | |
| | Claims Processing............................ | - | | |
| | Web Site Maintenance/Call Center.................. | - | | |
| | 4. Fund Administrator Bond | - | | |
| | 5. Miscellaneous | - | | |
| | 6. Federal Account for Investor Restitution | | | |
| | (FAIR) Reporting Expenses | - | | |
| | *Total Plan Implementation Expenses* | | - | |
| | **Total Disbursements for Distribution Expenses Paid by the Fund** | | | **-** |
| **Line 12** | **Disbursements to Court/Other:** | | | |
| *Line 12a* | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | - | | |
| *Line 12b* | *Federal Tax Payments* | | | |
| | **Total Disbursements to Court/Other:** | | - | |
| | **Total Funds Disbursed (Lines 9 - 11):** | | | **(9,517.91)** |
| **Line 13** | **Ending Balance (As of 03/31/2022):** | | | **2,991,169.19** |
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| *Line 14a* | *Cash & Cash Equivalents* | | 2,991,169.19 | |
| *Line 14b* | *Investments* | | - | |
| *Line 14c* | *Other Assets or Uncleared Funds* | | - | |
| | **Total Ending Balance of Fund - Net Assets** | | | **2,991,169.19** |

EXHIBIT A

**STANDARDIZED FUND ACCOUNTING REPORT for SEC v. Andy Ching Fong Chen et al. (EDC III)**
Receivership; Civil Docket No. C17-0405JLR
Reporting Period from 1/1/2022 to 3/31/2022

| OTHER SUPPLEMENTAL INFORMATION: | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **Line 15** | **Disbursements for Plan Administration Expenses Not Paid by the Fund:** | | | |
| *Line 15a* | *Plan Development Expenses Not Paid by the Fund* | | | |
| | 1. Fees: | | | |
| | Fund Administrator | - | | |
| | IDC | - | | |
| | Distribution Agent | - | | |
| | Consultants | - | | |
| | Legal Advisers | - | | |
| | Tax Advisers | - | | |
| | 2. Administrative Expenses | - | | |
| | 3. Miscellaneous | - | | |
| | Total Plan Development Expenses Not Paid by the Fund | | - | |
| *Line 15b* | Plan Implementation Expenses Not Paid by the Fund: | | | |
| | 1. Fees: | | | |
| | Fund Administrator | - | | |
| | IDC | - | | |
| | Distribution Agent | - | | |
| | Consultants | - | | |
| | Legal Advisers | - | | |
| | Tax Advisers | - | | |
| | 2. Administrative Expenses | - | | |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan | - | | |
| | Claimant Identification | - | | |
| | Claims Processing | - | | |
| | Web Site Maintenance/Call Center | - | | |
| | 4. Fund Administrator Bond | - | | |
| | 5. Miscellaneous | - | | |
| | 6. FAIR Reporting Expenses | - | | |
| | *Total Plan Implementation Expenses Not Paid by the Fund* | | - | |
| *Line 15c* | Tax Administrator Fees & Bonds Not Paid by the Fund | | | |
| | Total Disbursements for Plan Administration Expenses Not Paid by the Fund | | | - |
| **Line 16** | Disbursements to Court/Other Not Paid by the Fund | | | |
| *Line 16a* | Investment Expenses/CRIS Fees | | | - |
| *Line 16b* | Federal Tax Payments | | | - |
| | Total Disbursements to Court/Other Not Paid by the Fund | | | - |
| **Line 17** | DC & State Tax Payments | | | - |
| **Line 18** | No. of Claims: | | | |
| *Line 18a* | # of Claims Received This Reporting Period | - | | |
| *Line 18b* | # of Claims Received Since Inception of Fund | - | | |
| **Line 19** | **No. of Claimants/Investors:** | | | |
| *Line 19a* | # of Claimants/Investors Paid This Reporting Period | - | | |
| *Line 19b* | # of Claimants/Investors Paid Since Inception of Fund | - | | |

Receiver:　　　Geoff Winkler

By: _____

　Geoff Winkler_____
　(printed name)

**Chief Executive Officer**
**American Fiduciary Services LLC**
**Receiver, EDC III**_____

Date:  April 29, 2022

EXHIBIT A

*SEC v. Chen et al*   2:17-cv-00405-JLR (W.D. Wash.)
RECEIVER'S SECOND INTERIM REPORT EXHIBIT B
INVESTOR LIST AND REPAYMENT STATUS

| Investor No. | Investor Name | Date of Investment | EDC III Investor Per Tax Returns? | Total Investor Inflows | Capital Investment Returned | Total Investor Outflows | Net Cash Flows to EDC III | Estimated Non-Paid Interest at 2.25% | Estimated Tranche One Claim | Estimated Tranche Two Claim | % Tranche Two Funds |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Chung, In Kyung | 5/25/2011 | Yes | 530,000 | No | - | 530,000 | 125,731 | 500,000 | 155,731 | 3.9% |
| 2 | Lin,Ai Yen | 7/19/2011 | Yes | 562,747 | Yes | (500,000) | 62,747 | 136,501 | - | 199,248 | 5.0% |
| 3 | Fan, Ying | 8/9/2011 | No | 561,650 | Yes | (500,000) | 61,650 | 90,033 | - | 151,683 | 3.8% |
| 4 | Zhang, Shibing | 12/1/2011 | Yes | 562,385 | Yes | (500,810) | 61,575 | 131,068 | - | 192,643 | 4.9% |
| 5 | Wang, Bin | 1/9/2012 | Yes | 561,225 | Yes | (502,430) | 58,795 | 129,565 | - | 188,360 | 4.8% |
| 6 | Liu, ShuangYuan | 1/10/2012 | No | 561,650 | Yes | (549,675) | 11,975 | 69,423 | - | 81,398 | 2.1% |
| 7 | Gang, Cheolmin | 3/27/2012 | No | 531,550 | Yes | (530,000) | 1,550 | 48,036 | - | 49,586 | 1.3% |
| 8 | Kim, Chunsick | 3/27/2012 | Yes | 530,000 | No | - | 530,000 | 114,891 | 500,000 | 144,891 | 3.7% |
| 9 | Wang, Xiaoying | 4/10/2012 | No | 561,545 | Yes | (550,000) | 11,545 | 63,246 | - | 74,791 | 1.9% |
| 10 | Yang, Xiaoxiao | 4/23/2012 | No | 561,550 | Yes | (550,000) | 11,550 | 61,023 | - | 72,573 | 1.8% |
| 11 | Huang, Fu Cheng | 5/16/2012 | Yes | 560,016 | No | - | 560,016 | 120,662 | 500,000 | 180,678 | 4.6% |
| 12 | Chen, Jui Tsun | 5/24/2012 | Yes | 562,827 | Yes | (501,215) | 61,612 | 124,472 | - | 186,084 | 4.7% |
| 13 | Yoon, Hee Jung | 7/13/2012 | No | 530,000 | Yes | (502,175) | 27,825 | 87,249 | - | 115,074 | 2.9% |
| 14 | Feng, Yan | 8/14/2012 | No | 561,500 | Yes | (500,000) | 61,500 | 67,447 | - | 128,947 | 3.3% |
| 15 | Qu, Ying | 8/23/2012 | No | 561,550 | Yes | (550,000) | 11,550 | 57,003 | - | 68,553 | 1.7% |
| 16 | Wu, Po Ching | 9/21/2012 | No | 562,300 | Yes | (540,000) | 22,300 | 72,033 | - | 94,333 | 2.4% |
| 17 | Chen, Weiming | 9/24/2012 | No | 560,000 | Yes | (500,000) | 60,000 | 106,683 | - | 166,683 | 4.2% |
| 18 | Li, Shuli | 10/11/2012 | No | 559,970 | Yes | (500,000) | 59,970 | 74,951 | - | 134,921 | 3.4% |
| 19 | Tang, Yuantao | 10/12/2012 | No | 561,500 | No | - | 561,500 | 112,153 | 500,000 | 173,653 | 4.4% |
| 20 | Sun, Dan | 11/1/2012 | Yes | 561,500 | Yes | (500,000) | 61,500 | 115,317 | - | 176,817 | 4.5% |
| 21 | Long, Shijing | 11/7/2012 | Yes | 561,522 | Yes | (500,000) | 61,522 | 114,087 | - | 175,609 | 4.4% |
| 22 | Pan, Zhen | 12/27/2012 | Yes | 561,500 | No | - | 561,500 | 112,200 | 500,000 | 173,700 | 4.4% |
| 23 | Li, Haixing | 7/16/2013 | No | 561,500 | Yes | (526,000) | 35,500 | 50,276 | - | 85,776 | 2.2% |
| 24 | Zou, Bin | 7/23/2013 | No | 561,500 | Yes | (527,060) | 34,440 | 58,759 | - | 93,199 | 2.4% |
| 25 | Mu, Hui | 11/1/2013 | No | 561,555 | Yes | (530,000) | 31,555 | 57,107 | - | 88,662 | 2.2% |
| 26 | Li, Chunshu | 11/15/2013 | No | 561,576 | Yes | (530,000) | 31,576 | 56,128 | - | 87,704 | 2.2% |
| 27 | Hsu, Feng Chu | 11/20/2013 | No | 561,533 | No | - | 561,533 | 99,252 | 500,000 | 160,785 | 4.1% |
| 28 | Lin, Yunya | 12/5/2013 | No | 621,500 | Yes | (590,000) | 31,500 | 94,047 | - | 125,547 | 3.2% |
| 29 | Ho,Ming Ching | 2/18/2014 | No | 623,110 | Yes | (561,500) | 61,610 | 97,978 | - | 159,588 | 4.0% |
| 30 | Jiang, Di | 3/20/2014 | No | 561,550 | Yes | (540,000) | 21,550 | 47,361 | - | 68,911 | 1.7% |
| | **Total** | | | **16,842,311** | | **(12,580,865)** | **4,261,446** | **2,694,682** | **3,000,000** | **3,956,128** | **100%** |

**CERTIFICATE OF SERVICE**

I hereby certify on April 29, 2022, I electronically filed the foregoing RECEIVER'S QUARTERLY STATUS REPORT with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the persons listed below:

- **David S Mendel**
  mendeld@sec.gov

- **Gregory N. Miller**
  millergn@sec.gov

- **Tara J Schleicher**
  tara.schleicher@foster.com,kesarah.rhine@foster.com

- **Frank Raymond Siderius**
  franks@sidlon.com

DATED this 29th day of April, 2022

*/s/ Tara J. Schleicher*
Tara J. Schleicher, WSBA #26884

FOSTER GARVEY PC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101-3292
PHONE (206) 447-4400   FAX (206) 447-9700

FG:100334960.1