UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>               Plaintiff,<br>    v.<br><br>ANDY SHIN FONG CHEN, et al.,<br><br>              Defendants. | CASE NO. C17-0405JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court is Defendants Andy Shin Fong Chen and Aero Space Port International Group, Inc.'s ("ASPI") (collectively, "Defendants") motion to compel Receiver Geoffrey Winkler (the "Receiver") to release funds to investors. (Mot. (Dkt. # 145); Reply (Dkt. # 151); Tang Decl. (Dkt. # 146); Pan Decl. (Dkt. # 147); Hsu Decl. (Dkt. # 148); Huang Decl. (Dkt. # 149).) Plaintiff the Securities and Exchange Commission (the "SEC") and the Receiver oppose the motion. (SEC Resp. (Dkt. # 150);

ORDER - 1

Receiver Resp. (Dkt. # 152); Winkler Decl. (Dkt. # 153).)  The court has considered Defendants' motion, the parties' submissions filed in support of and in opposition to the motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Defendants' motion.

## II.   BACKGROUND

The court set forth the factual background of this case in detail in its February 15, 2019 order.  (*See* 2/15/19 Order (Dkt. # 53) at 2-18; *see also* 10/18/21 Order (Dkt. # 119) at 2-5.)  Accordingly, the court recounts here only the background that is relevant to the instant motion.

This securities enforcement action arises out of Defendants' misuse of the EB-5 Immigrant Investor Program ("EB-5"), which affords certain foreign investors a path to permanent residency in the United States.  (*See generally* Am. Compl. (Dkt # 61); 2/15/19 Order at 3-5.)  Defendants violated federal securities laws by making material misrepresentations to foreign investors when they solicited investments in EDC III, the EB-5 commercial enterprise at issue in this case.  (*See* 2/15/19 Order at 21-44.)  EDC III is the limited liability company into which the investors deposited funds "to be eligible for potential residency pursuant to the EB-5 program."  (*See* Renewed Mot. for Judgment (Dkt. # 106) at 11-13; Am. Compl. ¶¶ 1-5, 25-37.)  EDC III allegedly owns certain assets for the benefit of the remaining investors.  (*See* Renewed Mot. for Judgment at 11-13; 11/10/21 Chen Decl. (Dkt. # 123) ¶¶ 3-8.)

On August 23, 2021, the SEC filed a renewed motion for entry of partial final judgment against Defendants, seeking certain monetary and injunctive remedies against

Defendants based on its claim for misrepresentation liability. (*See* Renewed Mot. for Judgment at 2-4; *see also* 2/15/19 Order at 23-42 (granting summary judgment in favor of the SEC on its claims for misrepresentation liability).) The court granted in part and denied in part the SEC's renewed motion for entry of partial final judgment. (*See* 10/18/21 Order at 21.) It granted the SEC's requests for civil penalties in the amount of $75,000 against Mr. Chen and $375,000 against ASPI, for a permanent injunction, and to appoint a receiver. (*See id.* at 19.) In light of remaining factual issues, including the potential sale of an EDC III owned property and appointment of a receiver, the court denied the SEC's requests for disgorgement and prejudgment interest without prejudice and declined to enter a partial final judgment against Defendants at that time. (*See id.* at 7-8 (directing the SEC "to file its third motion for partial final judgment against Defendants regarding disgorgement and prejudgment interest once the disputes are resolved").)

The SEC filed a proposed order appointing Mr. Winkler as the receiver for EDC III on November 3, 2021, pursuant to the court's October 18, 2021 order. (*See generally* Prop. Order (Dkt. # 120-2).) Defendants objected to the SEC's proposed order appointing a receiver and moved the court for reconsideration of its decision to appoint a receiver for EDC III based on a change in circumstances—the sale of Commerce Park Building 3, EDC III's "only" asset—following the court's October 18, 2021 order. (*See* MR (Dkt. # 122) at 3; 11/10/21 Chen Decl. ¶¶ 4-6.) The court adopted the SEC's proposed order, appointed Mr. Winkler as the receiver for EDC III, and denied

//

ORDER - 3

Defendants' motion for reconsideration. (*See* Receiver Order (Dkt. # 130); 11/23/21 Order (Dkt. # 129) at 6-8.) In relevant part, the court stated:

> The court's conclusion that a receiver is warranted remains unchanged despite the new facts presented by Defendants. As the court previously held, appointment of a receiver is necessary considering 'Defendants' fraudulent and reckless conduct, their mismanagement of the investors' money, and their continued attempts to control EDC III through third parties.' . . . A receiver will ensure the independent preservation, management, and disposition of EDC III's remaining assets.

(11/23/21 Order at 6-8 (citations omitted).)

### III. ANALYSIS

In their motion, Defendants allege that four of six remaining investors in EDC III have sought refund and withdrawal of their $500,000.00 capital contributions, but that the Receiver has objected to their requests. (Mot. at 2-3 (noting that the investors are "frustrated with the Receiver and do not understand why they have not received their money").) They claim that "[p]rior to the appointment of the Receiver, withdrawal requests by investors had been promptly honored," and "[t]here is no justification for withholding [the] requested [funds] from these [four] investors." (*Id.*) Thus, Defendants ask the court to compel the Receiver to release $500,000 to each of these four investors. (*Id.*)

The SEC opposes the motion, arguing that "Defendants fail to justify why this [c]ourt should short-circuit the process being followed by the Receiver (on the [c]ourt's authority)." (SEC Resp. at 3.) In support of its position, the SEC contends that "[p]rudence dictates that the Receiver be allowed to complete his review and verification process, [consistent with the order appointing receiver,] and to provide his

recommendations, before any additional funds are released to investors." (*Id.*) It also argues that Defendants' request ignores that, "as part of the Receiver's determination as to the amount of Receivership funds that should be disbursed and to whom, the Receiver must account for, e.g., any tax liabilities associated with the Receivership." (*Id.* (emphasis omitted) (citing 1st Report (Dkt. # 135) at 3).) Finally, the SEC contends that "the early release of funds urged by Defendants would be premature given the high likelihood that the total amount available for distribution to investors may still yet change." (*Id.* at 4.) The SEC "anticipates that it will request that all" monetary relief that the court awards the SEC[1] "be made available in the first instance to the Receiver[] to satisfy amounts owed to investors as well as reasonable administrative expenses." (*Id.* (citing 10/18/21 Order at 9, 12, 21).) Thus, the SEC argues that it "will be more efficient to distribute funds to investors through a distribution plan proposed by the Receiver, which takes account of the Receiver's own accounting and the total corpus of funds available to investors, rather than through the early, piece-meal release of certain funds to only a subset of investors, as [D]efendants propose." (*Id.*)

In his opposition, the Receiver echoes many of the points raised by the SEC and notes that he has been working diligently to "gather the necessary records to identify the investors of EDC III, their contributions, the disbursements made to them, the fees paid by them and to verify the extent of the receivership assets, as ordered by this [c]ourt in

---

[1] The court already granted the SEC's request for civil penalties in the total amount of $450,000 against Defendants. (*See* 10/18/21 Order at 9, 12.) And the SEC plans to seek additional monetary relief in the form of disgorgement and prejudgment interest against Defendants in its third motion for partial final judgment. (*See id.* at 21; *see also* SEC Resp. at 4.)

the [o]rder [a]ppointing [r]eceiver." (Receiver Resp. at 2-4.) He asks the court to deny Defendants' motion to "allow [him] to complete his duties as mandated by the [o]rder [a]ppointing [r]eceiver[,] which need to take into account any funds generated for the receivership estate from the final judgment against the Defendants that will be sought by the SEC." (*Id.* at 2 (stating that he is preparing "an accounting of the receipts and disbursements (to investors and otherwise) by the relevant parties before proposing a [l]iquidation [p]lan" and that he will file a liquidation plan within 30 days after the court resolves the SEC's third motion for partial final judgment (first citing Ext. Mot. (Dkt. # 143); and then citing 3/25/22 Order (Dkt. # 144))); *see also id.* at 4 ("The Receiver needs to know the full extent of the assets to be distributed before he can file the[l]iquidation [p]lan.").)

   Although the court is sympathetic to the four investors' frustrations (*see generally* Tang Decl.; Pan Decl.; Hsu Decl.; Huang Decl.), the court agrees with the SEC and the Receiver. It concludes that Defendants have not provided sufficient reasons to justify "short-circuit[ing] the process being followed by the Receiver," which is consistent with the court's order appointing receiver and order granting the Receiver's motion for extension of time to file liquidation plan. (*See* SEC Resp. at 3; *see also* Receiver Order; 3/25/22 Order.) Accordingly, the court DENIES Defendants' motion to compel the Receiver to release funds to investors.

   In its response, the SEC states that the Receiver's second interim report will enable it to "determine whether the factual record is sufficiently resolved to file its next motion seeking an entry of final judgment against Defendants." (*See* SEC Resp. at 4-5

("[O]nce the Receiver files an accounting and other information required in Paragraph 49 of the [o]rder [a]ppointing [r]eceiver, the SEC expects to file another motion requesting entry of a final judgment against Defendants.").[2]) The Receiver filed his second interim report after the parties finished briefing Defendants' motion. (*See generally* 2nd Report (Dkt. # 154); Dkt.) In light of the investors' frustrations regarding the timely distribution of their capital contributions, the court ORDERS the SEC to show cause within ten (10) days of the date of this order why its third motion for partial final judgment should not be filed within 45 days of the date of this order. If the SEC asserts that it will not be able to file its third motion for partial final judgment in 45 days, it must articulate specific reasons why and inform the court of the additional information that it will need to file its motion.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Defendants' motion to compel the Receiver to release funds to investors (Dkt. # 145). The court further ORDERS the SEC to show cause within ten (10) days of the date of this order why its third motion for partial final judgment should not be filed within 45 days of the date of this order.

Dated this 4th day of May, 2022.

JAMES L. ROBART
United States District Judge

---

[2] The Receiver states that his second interim report "include[s] all of the information required under paragraph 49 of the [o]rder [a]ppointing [r]eceiver." (Receiver Resp. at 1-2.)

ORDER - 7