THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# SEATTLE DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANDY CHING FONG CHEN and AERO SPACE PORT INTERNATIONAL GROUP, INC.<br><br>Defendants, and<br><br>NORTH AMERICAN FOREIGN TRADE ZONE INDUSTRIES, LLC; WASHINGTON ECONOMIC DEVELOPMENT CAPITAL II, LLC; MOSES LAKE 96000 BUILDING LLC; SUN BASIN ORCHARDS, LLC; JOHN CHEN, TOM CHEN, BOBBY CHEN and HEIDI CHEN,<br><br>Relief Defendants. | Civil Action No. 2:17-cv-00405-JLR<br><br>[~~PROPOSED~~] JLR<br>FINAL JUDGMENT AS TO DEFENDANTS |

This Matter having come on before the undersigned Judge of the above entitled court upon motions of the Plaintiff, Securities and Exchange Commission, for entry of Final Judgment on the remedies sought in the Plaintiff's Amended Complaint against ANDY CHING FONG CHEN ("Chen") and AERO SPACE PORT INTERNATIONAL GROUP, INC. ("ASPI") (together the "Defendants"), and Plaintiff and Defendants having appeared by and through their undersigned attorneys, and the Court having considered the records and files herein and being fully advised in the premises, the Court hereby rules:

FINAL JUDGMENT-1
2:17-cv-00405-JLR

I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendants Chen and ASPI are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5(b) promulgated thereunder [17 C.F.R. § 240.10b-5(b)], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Chen and ASPI are permanently restrained and enjoined from violating Section 17(a)(2) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)(2)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly to obtain money or property by means of any untrue statement of a material fact or any omission of a

FINAL JUDGMENT-2
2:17-cv-00405-JLR

material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**III.**

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 21(d)(5) of the Exchange Act [15 U.S.C. § 78u(d)(5)], Defendants Chen and ASPI are permanently restrained and enjoined from any participation, directly or indirectly, in the United States Citizenship and Immigration Service's Employment Based Preference Program 5, EB-5, 8 U.S.C. §1153(b)(5).

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**IV.**

~~**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants Chen and ASPI are jointly and severally liable for prejudgment interest of $1,778,384 on the amount of profits gained and maintained by Defendants until the partial refund of such profits to investors.~~

1  ~~Defendants shall satisfy this obligation by paying this sum directly to Geoff Winkler,~~
2  ~~the court-appointed Receiver in this case, within 30 days after entry of this Final Judgment.~~
3  ~~The Commission may enforce the Court's judgment for disgorgement and prejudgment~~
4  ~~interest by moving for civil contempt (and/or through other collection procedures authorized by~~
5  ~~law) at any time after 30 days following entry of this Final Judgment.~~
6  ~~Defendants may transmit payment electronically to the Receiver, who will provide~~
7  ~~detailed ACH transfer/ Fedwire instructions upon request. Defendants may also pay by certified~~
8  ~~check, bank cashier's check, or United States postal money order payable to "EDC III~~
9  ~~Receivership" or "Geoff Winkler, Receiver, EDC III," delivered or mailed to Geoff Winkler,~~
10 ~~Receiver, American Fiduciary Services, 715 NW Hoyt Street #4364, Portland, OR 97208, and~~
11 ~~shall be accompanied by a letter identifying the case title, civil action number, and name of this~~
12 ~~Court; identifying the Defendants as parties to this action; and specifying that payment is made~~
13 ~~pursuant to this Final Judgment.~~
14 ~~Defendants shall simultaneously transmit photocopies of evidence of payment and case~~
15 ~~identifying information to the Commission's counsel in this action. By making this payment,~~
16 ~~Defendants relinquish all legal and equitable right, title, and interest in such funds and no part~~
17 ~~of the funds shall be returned to Defendants.~~
18 ~~The Receiver shall hold the funds and may propose a plan to distribute the funds~~
19 ~~pursuant to Section VII of this Final Judgment set forth below.  Defendant shall pay post~~
20 ~~judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.~~

21                                              V.

22  **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant Chen
23  shall pay a civil penalty in the amount of $75,000 directly to the Receiver, who will provide

detailed ACH transfer/ Fedwire instructions upon request. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to "EDC III Receivership" or "Geoff Winkler, Receiver, EDC III," delivered or mailed to Geoff Winkler, Receiver, American Fiduciary Services, 715 NW Hoyt Street #4364, Portland, OR 97208, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying the Defendants as parties to this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant Chen shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant Chen relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Receiver shall hold the funds and may propose a plan to distribute the funds pursuant to Section VII of this Final Judgment, set forth below.  Regardless of whether any such distribution is made, the amount ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund,

as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

The Commission may enforce the Court's penalty imposition by moving for relief pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq.* at any time after 30 days following entry of this Final Judgment.

Defendant Chen shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

## VI.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant ASPI shall pay a civil penalty in the amount of $375,000 directly to the Receiver, who will provide detailed ACH transfer/ Fedwire instructions upon request. Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to "EDC III Receivership" or "Geoff Winkler, Receiver, EDC III," delivered or mailed to Geoff Winkler, Receiver, American Fiduciary Services, 715 NW Hoyt Street #4364, Portland, OR 97208, and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying the Defendants as parties to this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant ASPI shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this

payment, Defendant ASPI relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Receiver shall hold the funds and may propose a plan to distribute the funds pursuant to Section VII of this Final Judgment, set forth below.  Regardless of whether any such distribution is made, the amount ordered to be paid as a civil penalty pursuant to this Final Judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

The Commission may enforce the Court's penalty imposition by moving for relief pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq.* at any time after 30 days following entry of this Final Judgment.

**FINAL JUDGMENT**-7
2:17-cv-00405-JLR

Defendant ASPI shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

### VII.

Pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, 15 U.S.C. § 7246, a Fair Fund is established to allow for the distribution of ~~disgorgement, pre-judgment interest, and~~ penalty amounts, set forth in Sections ~~IV,~~ V, and VI, *supra*, to investors in Washington Economic Development Capital III ("EDC III"). The Receiver shall hold the funds (the "EDC III Fair Fund") and may distribute the funds under a plan submitted by the Receiver or the Commission for the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

If the Receiver determines that the EDC III Fair Fund will not be distributed, the Receiver shall send the funds paid pursuant to this Final Judgment to the Commission for remission to the United States Treasury, after so informing the Court.

### VIII.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### RULE 54(b) CERTIFICATION

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Entered this 16th day of August, 2022.

_____
THE HONORABLE JAMES L. ROBART
UNITED STATES DISTRICT JUDGE

Presented By:

s/ *Gregory N. Miller*
Gregory N. Miller
Assistant Chief Litigation Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, DC 20549-3977
(202) 551-4469
millergn@sec.gov

**FINAL JUDGMENT**-9
2:17-cv-00405-JLR